IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

3:21-cv-248-KHJ-MTP

ISSAC LANDRUM                                                                                          PLAINTIFF

vs.

COPIAH COUNTY, MISSISSIPPI and
COPIAH COUNTY, MISSISSIPPI
SHERIFF'S DEPARTMENT                                                                        DEDENDANTS

## COMPLAINT AND JURY DEMAND

**COMES NOW** Plaintiff Issac Landrum, by and through his counsel, and for Complaint against the Defendants, states as follows:

### I. PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff resided and worked in Copiah County, Mississippi.

2. At all times relevant hereto, Defendants were a municipal corporation and engaged in law enforcement activities in Copiah County, Mississippi and at all times mentioned herein was an employer within the meaning of the Uniformed Services Employment and Reemployment Act (USERRA), Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA) and the Family Medical Leave Act (FMLA).

3. This Court has jurisdiction over this matter as this matter involves a federal question based upon the USERRA, Title VII, the ADA and the FMLA.

4. The Southern District of Mississippi, Northern Division is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

II. **STATEMENT OF FACTS RELEVANT TO ALL CLAIMS**

5. Plaintiff, Issac Landrum, brings forth this Complaint against Copiah County, Mississippi and the Copiah County Sherriff's Department for discrimination, retaliation and illegal discharge in violation of the Uniformed Service Employment and Reemployment Rights Act ("USERRA"), Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA").

6. Plaintiff worked for Defendants as a narcotic officer in Copiah County, Mississippi.

7. Plaintiff is a 38-year-old white male.

8. Plaintiff is a Marine veteran of the Iraq War and a Purple Heart recipient.

9. Plaintiff served multiple tours in Iraq over the course of eight years of service to this Nation.

10. Plaintiff sustained a multitude of serious combat injuries while serving in Fallujah, Iraq in 2004.

11. Plaintiff still experiences lingering effects from his service-related injuries.

12. Plaintiff worked for the Defendants in Copiah County, Mississippi.

13. Plaintiff worked for Defendants from April 2, 2018 to October 25, 2019.

14. On July 22, 2018, Plaintiff shot in the line of duty while was attempting to arrest a murder suspect.

15. Plaintiff's bulletproof vest likely saved his life that day. His injuries were not life-threating; however, Plaintiff still sustained and continues to experience serious physical and mental injuries as a result of this incident.

16. Defendants placed Plaintiff on administrative leave pending the completion of an official investigation after the incident.

17. Plaintiff sought additional medical treatment for his injuries during the administrative leave period.

18. Defendants were aware that Plaintiff was undergoing a course of medical treatments and had not been medically cleared to return to work.

19. Plaintiff, along with his supervisor, personally hand-delivered Plaintiff's medical documentation to the County Administrator.

20. Plaintiff retained his badge, gun and patrol vehicle while he was out on leave.

21. Plaintiff had every intention of returning to work when able and medically cleared to do so.

22. Despite his medical condition and the ongoing need for medical leave, Defendants abruptly terminated Plaintiff on or about October 25, 2019.

23. Defendants didn't even bother to inform Plaintiff of its decision by phone or in-person.

24. Plaintiff learned of his termination from a note that was included with his last paycheck.

25. Defendants' note provided no explanation other than his services were no longer necessary.

26. Defendants simply disregarded the civil rights of a fellow officer who put his life on the line to protect the public.

27. Plaintiff soon learned that his colleague, another narcotics deputy, had also been terminated as well.

28. Both narcotics officers were Caucasian and replaced by African-Americans.

29. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on June 4, 2020 alleging racial and disability discrimination.

30. More than 60 days have passed since Plaintiff filed his charge of discrimination.

31. Plaintiff received his right to sue letter from the EEOC on March 8, 2021.

## COUNT I – USERRA

32. Plaintiff reincorporates paragraphs 1 through 31 as if fully stated herein.

33. Defendants employed Plaintiff.

34. Plaintiff was a veteran who sustained service-related disabilities.

35. Defendants were aware of Plaintiff's military service and related disabilities.

36. Defendants discriminated against Plaintiff because of his service-related disabilities.

37. Plaintiff sues Defendants pursuant to 28. U.S.C. Sec. 4323(a)(3).

## COUNT II – Title VII of the Civil Rights Act

38. Plaintiff reincorporates paragraphs 1 through 31 as if fully stated herein.

39. Plaintiff was a member of a protected class.

40. Plaintiff was qualified for his position.

41. Defendants terminated Plaintiff.

42. Plaintiff was replaced by someone of another race and was treated less favorable than others similarly situated.

43. Defendants would not have terminated Plaintiff but for his race.

44. Defendants' termination of Plaintiff was motivated by Plaintiff's race.

45. Plaintiff sues Defendants pursuant to 42 U.S.C Sec. 2000e-5.

## COUNT III – ADA

46. Plaintiff incorporates paragraphs 1 through 31 as if fully stated herein.

4

47. The purpose of the ADA is for Congress to clearly mandate that Americans will not tolerate employer discrimination against individuals with disabilities. 42 U.S.C. § 12101(b)(1).

48. Disabled means being regarded as having such an impairment. 42 U.S.C. § 12102(1)(C).

49. The purpose of the ADA is to provide as much coverage to as many people as possible. See 42 U.S.C. § 12102(4)(A).

50. Plaintiff's injuries were a record of his disability.

51. Defendants failed to accommodate Plaintiff for as required by the ADA.

52. Defendant's failure to engage in the interactive ADA process was a basis for Plaintiff's termination.

53. Defendants' failure to accommodate Plaintiff was another basis for his termination.

54. Defendants' perception of Plaintiff being disabled was another basis for his termination.

55. Plaintiff sues Defendants pursuant to 42 U.S.C. § 12117(a).

### COUNT IV – FMLA

56. Plaintiff incorporates paragraphs 1 through 31 as if fully stated herein.

57. At all times relevant subject to this Complaint, Plaintiff was eligible for FMLA-covered leave.

58. Defendants were Plaintiff's employer as defined by the FMLA.

59. Defendants' acts and omissions constitute interference with Plaintiff's rights under the FMLA.

60. Defendants' interference with Plaintiff's right to take leave from work violated the FMLA.

61. As a direct, natural, proximate and foreseeable result of Defendants' intentional, willful, and unlawful acts, Plaintiff has suffered damages for which he is entitled to compensation, including, but not limited to lost wages and benefits, liquidated damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and reasonable attorneys' fees and costs.

62. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

63. Defendants' violations of the FMLA were willful.

64. Plaintiff sues Defendants pursuant to 42 U.S.C. § 2617(a)(3).

## COUNT V - MENTAL AND EMOTIONAL DISTRESS

65. Plaintiff incorporates paragraphs 1 through 31 as if fully stated herein.

66. Defendants' actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

67. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

**WHEREFORE**, Plaintiff respectfully prays to this Court as follows:

A. For all compensatory and punitive damages with respect to the statutory, tort and contract claims in an amount being just;

B. For reasonable costs, including attorney's fees; and

C. For all other equitable and legal relief to which Plaintiff appears entitled.

THIS the 12th day of April, 2021.

        Respectfully submitted,

        ISSAC LANDRUM, PLAINTIFF

        */s/ Christopher W. Espy*
        Christopher W. Espy, Esq. (MSB#: 102424)
        Espy Law, PLLC
        P.O. Box 13722
        Jackson, Mississippi 39236
        Phone: 601-812-5300
        Fax:    601-510-9050
        Email: chris.espy@espylawpllc.com

        John C. Hall, II, Esq. (MSB#: 99384)
        The Hall Law Group, PLLC
        263 East Pearl Street
        Jackson, Mississippi 39201
        Phone: 601-497-3400
        Fax: 601-812-6266
        Email: jhall@jhallawgrp.com

        **ATTORNEYS FOR PLAINTIFF**